PAUL M. LACIO, Claimant-Appellant
v.
DA KITCHEN EXPRESS, and WORKCOMP HAWAI`I INS. CO., INC., and FIRST INSURANCE CO. OF HAWAI`I, LTD., Employer/Insurance Carrier/Third Party Administrator-Appellee
No. 29383
Intermediate Court of Appeals of Hawaii.
September 14, 2009.
On the briefs:
Gerald T. Johnson, for Claimant-Appellant.
Kenneth T. Goya, Steven L. Goto, (Ayabe, Chong, Nishimoto, Sia & Nakamura, LLLP) for Employer/Insurance Carrier/Third Party Administrator-Appellee

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA, and FUJISE, JJ.
In this workers' compensation case, Claimant-Appellant Paul M. Lacio (Lacio) appeals from the Decision and Order entered by the Labor and Industrial Relations Appeals Board (LIRAB) on August 26, 2008, in favor of Employer/Insurance Carrier/Third Party Administrator-Appellee Da Kitchen Express, Workcomp Hawai`i Insurance Co., Inc., and First Insurance Company of Hawai`i, Ltd. (collectively referred to as "Employer") . The Decision and Order affirmed the denial of Lacio's workers' compensation claim by the Director of the Department of Labor and Industrial Relations.
On appeal, Lacio challenges the LIRAB's determination that the injury to his right elbow was not work-related. Lacio's sole argument is that the LIRAB erred in crediting evidence presented by Employer rather than the evidence Lacio presented. In particular, Lacio contends that the LIRAB erred in crediting Employer's medical expert rather than evidence from Lacio's treating physicians. We affirm.

I.
Lacio began working as a prep cook trainee for Da Kitchen Express on August 8, 2005. As a new trainee, Lacio was not assigned a specific task or job, but was directed to observe, learn from, and assist other employees upon request. On September 9 and 10, 2005, Lacio called in sick. Lacio told co-workers that he had injured his elbow and arm while playing football and had exacerbated the injury while lifting weights. Lacio's co-workers asserted that Lacio never stated that he injured his right elbow at work.
Lacio's last day at work was September 14, 2005. On November 2, 2005, Lacio filed a claim for workers' compensation, claiming that he sustained an injury to his right elbow on August 29, 2005. Lacio first visited a physician for treatment regarding his elbow on November 23, 2005.

II.
Lacio argues that the LIRAB erred in crediting Employer's medical expert, who opined that Lacio's claimed right elbow injury was not work-related, instead of the evidence Lacio presented. We disagree.
In reviewing a decision of the LIRAB, "we give deference to the LIRAB's assessment of the credibility of witnesses and the weight the LIRAB gives to the evidence." Moi v. State of Hawai`i, Dept. of Public Safety, 118 Hawai`i 239, 242, 188 P.3d 753, 756 (App. 2008).
It is well established that courts decline to consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or to review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the findings of an expert agency dealing with a specialized field.
Id. (quoting Nakamura v. State, 98 Hawai`i 263, 268, 47 P. 3d 730, 735 (2002)).
The LIRAB was entitled to credit the opinion of the medical expert and the other evidence presented by Employer over any conflicting evidence presented by Lacio. The LIRAB did not err in concluding that the statutory presumption of compensability that attaches to workers' compensation claims had been rebutted or overcome by substantial evidence presented by Employer.

III.
We affirm the Decision and Order entered by the LIRAB on August 26, 2008.